[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16484
Non-Argument Calendar

_____

D. C. Docket No. 02-00455-CR-RBP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAHMAL AHMAD WHATLEY,
a.k.a. Jahmal A. Whatley,
a.k.a. Jahmal Watley, et al.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 2, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jahmal Ahmad Whatley appeals his sentence of 14-months' imprisonment for violation of supervised release. The district court revoked Whatley's supervised release after determining he violated the terms of the release by assaulting his girlfriend with a gun. Whatley raises two arguments on appeal. First, Whatley asserts the district court erred in light of *Crawford v. Washington*, 124 S. Ct. 1354 (2004), by admitting into evidence a recording of a 911 call in which his girlfriend reported the assault. Second, he contends the district court abused its discretion in finding he violated the terms of his supervised release. After considering both arguments, we affirm Whatley's sentence.

**I.**

We need not reach the issue of whether the district court committed *Crawford* error by admitting the 911 tape. In this case, there was no Sixth Amendment violation because the declarant, the girlfriend, was made available for Whatley's cross-examination at the revocation hearing.

**II.**

The district court did not abuse its discretion in finding Whatley violated the terms of his supervised release. Evidence was presented at the revocation hearing that Whatley beat his girlfriend about her head and mouth with a gun, and that she was bleeding and had several head wounds. Though the girlfriend later recanted

2

her story, state charges related to the matter were dismissed, and Whatley maintained the accusation was false, Whatley's probation officer, Ernest Kenty, testified it is common for domestic violence victims to recant their testimony, and the district court was entitled to weigh this evidence. In fact, immediately after the 911 tape was played, Whatley, through his attorney, admitted "that the evidence is such that he would be revoked." The evidence presented constituted a sufficient basis for the district court to determine by a preponderance of the evidence that Whatley violated the terms of his supervised release by possessing a gun and committing a crime.

**AFFIRMED.**